**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CHARLES FREEMAN, III, et al., ) | |
| ) | |
| Plaintiffs, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No. 10-4061-MLB |
| ) | |
| TBS FACTORING, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to dismiss for improper venue and plaintiffs' motion for hearing. (Docs. 7, 11). The motion has been fully briefed and is ripe for decision. (Docs. 8, 9, 10, 15). Defendants' motion is granted and plaintiffs' motion is denied for the reasons herein.

**I. Facts**

Plaintiff Charles Freeman, doing business as Renegade Transportation, entered into a contract with defendant TBS Factoring on September 9, 2009. The contract was an Accounts Receivable Purchase Agreement. The terms of the contract provide that Renegade would sell, assign, transfer, convey and deliver all its accounts received to be factored exclusively to defendant. Plaintiffs' complaint alleges that defendant breached the factoring contract.

Defendant moves for dismissal on the basis that the contract provides a forum selection clause which clearly states that any dispute, action or proceeding arising out of the contract "shall be within the exclusive jurisdiction of the District Court in and for Oklahoma County, Oklahoma or the United States District Court for the

Western District of Oklahoma." (Doc. 9, exh. 1 at 5).[1]

**II. Analysis**

In considering a motion to dismiss for improper venue, facts outside the pleadings may be properly considered. See Topliff v. Atlas Air, Inc., 60 F. Supp. 2d 1175, 1176-77 (D. Kan. 1999); Fed. R. Civ. P. 12(b). Factual disputes should be resolved in favor of the plaintiff. M.K.C. Equip. Co. v. M.A.I.L. Code, Inc., 843 F. Supp. 679, 683 (D. Kan. 1994). The application of a forum selection clause by a federal court sitting in diversity is determined under federal rather than state law. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 28 (1988); M.K.C. Equip. Co., 843 F. Supp. at 682.

Plaintiffs do not assert that the contract or the forum selection clause is invalid. Rather, plaintiffs' position appears to be that the forum selection clause is permissive. Plaintiffs also argue that defendant has sufficient contacts with Kansas and the allegations in the complaint concern theft and fraud "which is a Federal act and not a States act." (Doc. 10 at 2).

The Supreme Court has stated that forum selection clauses are prima facie valid and should be enforced unless a party can show it is unreasonable under the circumstances. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972); K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft, 314 F.3d 494, 498 (10th Cir. 2002). Forum selection clauses can be classified as either mandatory or permissive. K & V Scientific Co., 314 F.3d at 498.

---

[1] Plaintiffs claim that the forum selection clause applies only to arbitration. (Doc. 10). There is no such language in the Agreement.

"Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum. Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 321 (10th Cir. 1997). "In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." Id. "The use of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made." Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342, 1346 (10th Cir. 1992). The forum selection clause in this case states:

> This Agreement shall be interpreted and construed in accordance with the laws of the State of Oklahoma, without regard to the conflict of laws of the State of Oklahoma. Any dispute, action or proceeding arising out of or relating to this Agreement shall be within the exclusive jurisdiction of the District Court in and for Oklahoma County, Oklahoma or the United States District Court for the Western District of Oklahoma.

(Doc. 9, exh. 1 at 5). This is a mandatory clause as it designates an exclusive forum and uses the word "shall."

Because the language of the forum selection clause is clear and mandatory, the only way for plaintiffs "to avoid the effect of the clause is to demonstrate it is unfair or unreasonable." Excell, 106 F.3d at 321. Plaintiffs have failed to allege that the application of the clause is unfair or unreasonable. Therefore, a Kansas venue is improper.[2]

Defendant did not move for transfer to another district and plaintiffs did not request transfer. Because venue is appropriate in

---

[2] Plaintiffs' motion for hearing merely states the same reasons that defendant's motion to dismiss should be denied. Plaintiffs do not cite any authority which would support the necessity of a hearing in this case. Plaintiffs' motion for a hearing is therefore denied. (Doc. 11).

more than one other location, the court will not choose an alternative venue for plaintiffs.

**III. Conclusion**

Defendant's motion to dismiss for improper venue is therefore granted. (Doc. 7). Plaintiffs' motion for hearing is denied. (Doc. 11).

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this <u>  12th  </u> day of July 2010, at Wichita, Kansas.

<u>s/ Monti Belot                </u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE